## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MATILDA DUFFY AND ) | |
| JACK WARD RENFRO ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO._____ |
| ) | |
| UNITED STATES ATTORNEY GENERAL ) | |
| ) | |
|     Defendants. ) | |

## **COMPLAINT**

### **JURISDICTION, PARTIES, AND ARTICLE III STANDING**

1. This Court is vested with original jurisdiction under 28 U.S.C. § 1391 and §18 U.S.C. 981(b)(3).

2. Venue is proper in this Court, the United States District Court for the Middle District of Alabama, pursuant to Title 28, U.S.C. § 1391, 1395 and 18 U.S.C. 981(b)(3).

3. Plaintiffs are United States citizens subject to the jurisdiction and venue of this Court.

4. Defendant, United States Attorney General, has custody of the property that is the subject of this action pursuant to 18 U.S.C. 981(c).

### **STATEMENT OF FACTS**

5. The Federal Bureau of Investigation retains 12 firearms belonging to the Plaintiffs (the "property").

6. According to the Defendant, prior to their retention three of the firearms belong to Plaintiff Matilda Duffy and the other nine firearms belong to Plaintiff Jack Ward Renfro.

7. The Plaintiffs are not the subject of a criminal investigation by the Defendant's law enforcement agencies.

8. The Defendant, nor its agency, has ever brought a claim of forfeiture action against the Defendants related to the property.

9. The Plaintiffs have given written notice that they request return of the property.

10. The Defendant has given notice that the requests of the Plaintiffs are conditionally granted.

11. The conditional grant is made conditional because the Defendant claims that Plaintiff Matilda Duffy is prohibited by law from possession of firearms. It thereby claims that Matilda Duffy's firearms may only be released by transfer to an authorized named third party.

12. The Defendant has not placed any condition on the return to Plaintiff Jack Ward Renfro of his property, nor has it been returned to Jack Ward Renfro.

13. Plaintiff Matilda Duffy is not prohibited from possessing firearms.

14. Plaintiff Matilda Duffy has exhausted all legal requirements to contradict the Defendant's determination that the Plaintiff is prohibited from possession of firearms.

15. Plaintiff Jack Ward Renfro is not prohibited from possessing firearms.

16. For purposes of pleading in the alternative, were the Court to find that Matilda Duffy were a person prohibited from possession of firearms, Jack Ward Renfro is the named third party designated as the transferee.

## MOTION TO RETURN PROPERTY AND/OR TRANSFER PROPERTY

17. This Court has jurisdiction to hear a motion for return of property seized in the course of a criminal investigation.

18. There is not a criminal investigation of the Plaintiffs.

19. The Defendant retains the Plaintiffs' property but concedes that it is due to be released to the Plaintiffs conditionally.

**20.** Plaintiffs seek the return of the property without condition.  Alternatively Plaintiff Matilda Duffy moves for transfer of her property.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS MOVE:**

a. For return of the property held by the Defendant; and,

b. For such other relief as the Court deems appropriate.

*Attorney for the Plaintiffs:*

/s/ Michael F. Braun

_____
MICHAEL F. BRAUN (AL-4167U50M)
5016 Centennial Boulevard, Ste.200
Nashville, Tennessee 37209
(615) 378-8942
Fax: (629) 255-4445
Email: mfb@braun-law.com