# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MATILDA DUFFY & <br> JACK WARD RENFROE, <br> <br> Plaintiffs, <br> <br> v. <br> <br> UNITED STATES ATTORNEY <br> GENERAL, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No.: 1:23-cv-677-RAH-CWB <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION FOR TRANSFER OF PROPERTY

The parties jointly file this motion for transfer of property to a third party pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and *Henderson v. United States*, 575 U.S. 622 (2015), and respectfully state as follows:

1. In September 2017, Plaintiff Duffy voluntarily surrendered 12 firearms, identified in Attachment A (identified as "the 12 Firearms"), to the Geneva County Sheriff's Office ("GCSO") in Geneva County, Alabama. The 12 Firearms belong to Plaintiffs Duffy and Renfroe and had been kept on the Plaintiffs' property.

2. The United States, through agents of the Federal Bureau of Investigation ("FBI"), seized the 12 Firearms from the GCSO as part of a criminal investigation into whether Plaintiff Duffy knowingly possessed firearms despite being prohibited by 18 U.S.C. § 922(g).

3. After the date of seizure, the FBI lawfully maintained possession of the 12 Firearms as evidence in a criminal investigation regarding potential violations of federal law, including but not limited to 18 U.S.C. §§ 922(g)(1), 922(g)(4), and 922(g)(9). That investigation has concluded, and the FBI no longer needs to maintain custody of the 12 Firearms.

4. The FBI initiated abandonment proceedings pursuant to 41 C.F.R. § 128-48.102-1 in July 2022 as to the 12 Firearms. In July 2022, Plaintiff Duffy wrote to the FBI claiming the 12 Firearms on behalf of both Plaintiffs. After additional correspondence, the FBI conditionally granted Plaintiff Duffy's abandonment claim in July 2023, stating that the FBI's background check through the National Instant Criminal Background Check System (NICS) indicated that Plaintiff Duffy was person prohibited from possessing firearms. Therefore, the FBI required that Plaintiffs' counsel obtain a court order issued by the United States District Court authorizing the return of the reference firearms, or in the alternative, to seek a court order transferring the referenced firearms to an authorized, named third party.

5. Plaintiff Duffy may currently be prohibited from possessing firearms and ammunition, and Plaintiff Duffy understands and agrees not to possess, direct, or control the use of any firearms or ammunition.

6. Although Plaintiff Renfroe is not prohibited under 18 U.S.C. § 922(g) from possessing firearms or ammunition, Plaintiff Renfroe agrees that he likewise will not possess, direct, or control the use of the 12 Firearms because of questions regarding his independence from Plaintiff Duffy.

7. Plaintiff Duffy and Plaintiff Renfroe both agree to transfer ownership and possession of the 12 Firearms to third party Lt. Col. Stephen Long of New Brockton, Alabama. Lt. Col. Stephen Long is over the age of 21.

8. Lt. Cl. Stephen Long has signed an affidavit attached to this motion, which states that he has no prior felony convictions that would prohibit him from possessing firearms and ammunition, and that he can lawfully possess the 12 Firearms under federal, state, and local law; that he is aware that Plaintiffs agree not to possess the 12 Firearms and may currently be prohibited from possessing the 12 Firearms; that he will not allow Plaintiffs to possess, direct, or control the use of the 12 Firearms; and that he will maintain the 12 Firearms in a location where Plaintiffs do not reside, and secure it in a manner that prevents access by Plaintiffs. *See* Attachment B. The affidavit also states that Lt. Col. Stephen Long acknowledges that he is aware that allowing Plaintiffs to possess the 12 Firearms could constitute a violation of federal law. *Id.*

9. Pursuant to *Henderson v. United States*, 575 U.S. 622 (2015), in the context of a motion to return firearms, a court may approve the transfer of firearms

by a prohibited person to a third party consistent with 18 U.S.C. § 922 "if, but only if, that disposition prevents the [prohibited person] from later exercising control over those weapons." 575 U.S. at 630. The Supreme Court also stated that, "[i]n considering such a motion, the court may properly seek assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the [prohibited person], and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation." *Id.*

10. Based on available information, if any, and per the NICS background check of Lt. Col. Stephen Long that the FBI conducted in accordance with 28 C.F.R. § 25.6(j)(3) and FBI policy, the FBI is not aware of any potentially prohibiting information applicable to Lt. Col. Stephen Long.

11. The FBI agrees to release the 12 Firearms to Lt. Col. Stephen Long with the understanding that he will not allow Plaintiffs to possess, direct, or control the use of the 12 Firearms; that he will maintain the 12 Firearms in a location where Plaintiffs do not reside, and secure them in a manner that will prevent access by Plaintiffs.

12. The FBI and Plaintiffs have each agreed to unconditionally release and hold harmless the other party and its departments, agencies, officers, and employees from any and all civil claims, demands, damages, causes of actions or suits, of whatever kind and description that might now exist or hereafter exist by reason of

or growing out of or affecting, directly or indirectly, the seizure or release of the 12 Firearms.

13.     The parties certify that they have agreed to have their names electronically signed to this Joint Motion.

WHEREFORE, the parties respectfully request that the Court grant the motion for transfer of property and enter the attached proposed order. *See* Attachment C.

Respectfully submitted this the 25th day of August, 2025.

| Counsel for Plaintiffs | Counsel for the Defense |
|---|---|
| | KEVIN P. DAVISON<br>Acting United States Attorney |
| /s/ Michael F. Braun<br>Michael F. Braun (ASB4167U50M)<br>5016 Centennial Boulevard<br>Nashville, TN 37209<br>(615)-378-4445<br>mfb@braun-law.com | By: /s/ MaryLou E. Bowdre<br>Assistant U.S. Attorney<br>Alabama Bar No. 9232N10E<br>U.S. Attorney's Office<br>Middle District of Alabama<br>Post Office Box 197<br>Montgomery, AL 36101-0197<br>(334) 223-7280<br>MaryLou.Bowdre@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants.

/s/ MaryLou Bowdre
Assistant United States Attorney

# Attachment A

Listing of the 12 Firearms

# ATTACHMENT A

| Item Description | Serial Number |
|---|---|
| 1. Russian, Model Mosin Nagant, 7.62 caliber rifle | 9130182585 |
| 2. J.C. Higgins, Model 228-22, .22 caliber rifle | No serial number |
| 3. Harrington and Richardson, Model Pardner, .410 caliber shotgun | NH447578 |
| 4. Hi-Point, Model C9, 9mm pistol, with magazine | P1980526 |
| 5. Yugoslavia, Model 59/66, 7.62 caliber rifle, with bayonet | S-650220 |
| 6. Mossberg, Model 500A, 12 gauge shotgun, with scope | K528874 |
| 7. Taurus, Model The Judge, .45/.410 caliber revolver | FU641204 |
| 8. Ruger, Model 10/22, .22 caliber rifle | 0009-48179 |
| 9. Hi-Point, Model C9, 9mm pistol, with magazine | P1977347 |
| 10. Zabala, Hermanos, Model Hawken, .50 caliber rifle | 85330019 |
| 11. U.S.A. Military Surplus, Model 1903, .30-06 caliber rifle | 3944821 |
| 12. Harrington and Richardson, Model Pardner, .410 caliber shotgun | NN2292190 |

# Attachment B

Affidavit of Lt. Col. Stephen Long

## Affidavit of Lt. Col. Stephen Long

I, Lt. Col. Stephen Long, hereby swear under penalty of perjury the following:

1. I am an acquaintance of Matilda Duffy and Jack Ward Renfroe (Plaintiffs).

2. My date of birth is September 11, 1960. My current address is 12346 New Brockton AL 36351.

3. I am ~~employed~~ retired SWL full time and support myself.

4. I have never been convicted of any criminal felony.

5. I have never been treated for mental health issues.

6. I have no legal impediments to receiving or possessing firearms under any state, local, or federal laws.

7. I have the ability to lock and protect firearms so Plaintiffs cannot gain access to them.

8. I understand the United States had seized 12 firearms (hereinafter referred to as the "12 Firearms") owned or possessed by Plaintiffs, as identified in Attachment A and intends to release the 12 Firearms.

9. I understand that Matilda Duffy may be prohibited under 18 U.S.C. § 922(g) from possessing, controlling, or directing the use of any firearms or ammunition.

10. I understand that by accepting ownership and possession of the 12 Firearms owned or possessed by Plaintiffs and subsequently released by the United States, Plaintiffs may not possess, direct, or control any use of the 12 Firearms.

11. I will not allow Plaintiffs to possess, direct, or control the 12 Firearms. I understand that if I allow Plaintiffs to possess, direct, or control the firearms, that could aid and abet an 18 U.S.C. 922 violation.

Date: 21 July 25        Signed: *Stephen W. Long*

## ATTACHMENT A

| Item Description | Serial Number |
|---|---|
| 1. Russian, Model Mosin Nagant, 7.62 caliber rifle | 9130182585 |
| 2. J.C. Higgins, Model 228-22, .22 caliber rifle | No serial number |
| 3. Harrington and Richardson, Model Pardner, .410 caliber shotgun | NH447578 |
| 4. Hi-Point, Model C9, 9mm pistol, with magazine | P1980526 |
| 5. Yugoslavia, Model 59/66, 7.62 caliber rifle, with bayonet | S-650220 |
| 6. Mossberg, Model 500A, 12 gauge shotgun, with scope | K528874 |
| 7. Taurus, Model The Judge, .45/.410 caliber revolver | FU641204 |
| 8. Ruger, Model 10/22, .22 caliber rifle | 0009-48179 |
| 9. Hi-Point, Model C9, 9mm pistol, with magazine | P1977347 |
| 10. Zabala, Hermanos, Model Hawken, .50 caliber rifle | 85330019 |
| 11. U.S.A. Military Surplus, Model 1903, .30-06 caliber rifle | 3944821 |
| 12. Harrington and Richardson, Model Pardner, .410 caliber shotgun | NN2292190 |

# Attachment C

Proposed Order

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MATILDA DUFFY & <br> JACK WARD RENFROE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ATTORNEY ) <br> GENERAL, ) <br> ) <br> Defendant. ) | Civil No.: 1:23-cv-677-RAH-CWB |

## PROPOSED ORDER GRANTING JOINT MOTION FOR TRANSFER OF PROPERTY

For the reasons stated in the joint motion for transfer of property, and pursuant to *Henderson v. United States*, 575 U.S. 622 (2015), the joint motion for transfer of property is GRANTED. The Federal Bureau of Investigation is ORDERED to transfer the 12 Firearms identified in Attachment A of the motion to third party Lt. Col. Stephen Long.

IT IS SO ORDERED.

Date: _____        _____